CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 21 2019

JULIA C. DUDLEY, CLERK
BY: /s/
 DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **MICHAEL DERRICK EDWARDS,** | ) | CASE NO. 7:19CV00382 |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **WARDEN J. KISER, ET AL.,** | ) | By: Hon. Glen E. Conrad |
| | ) | Senior United States District Judge |
| **Defendants.** | ) | |

Plaintiff Michael Derrick Edwards, a Virginia inmate proceeding pro se, has filed this civil rights action, pursuant to 42 U.S.C. § 1983, alleging that he was deprived of due process protections related to prison disciplinary proceedings. After review of Edwards' submissions, the court concludes that his complaint must be summarily dismissed.

I.

Edwards is confined at Red Onion State Prison ("Red Onion"), a prison facility operated by Virginia Department of Corrections ("VDOC"). He alleges the following sequence of events in support of his § 1983 claims. On February 1, 2019, a correctional officer served Edwards with a Disciplinary Offense Report ("DOR"), written by defendant Edgar. The DOR charged Edwards with the offense of covering his cell door window on January 30, 2019. Edwards refused to sign the DOR, but the serving officer allegedly failed to certify this fact according to VDOC policy.

At the disciplinary hearing on February 13, 2019, Edwards noticed that someone had "forged" his copy of the DOR, "to make it as if it was served" January 31, 2019, instead of February 1, 2019. Compl. 3, ECF No. 1. Someone had also "forged the serving officer's signature making it look as if he certified the refusal to sign," and forged the date on the penalty offer form, in violation of VDOC policy. Id.

The hearing officer found Edwards guilty of the offense, based on the reporting officer's identification of Edwards as the inmate who had covered his window. Edwards claims this evidence was insufficient to support his conviction of the offense, because Edgar "was never at [Edwards'] door picking up trays" and did not call Officer Shirk "for assistance telling [Edwards] to uncover his window." Id.

Edwards sues Red Onion Warden Kiser, Unit Manger L. Collins, J. G. Layall, Edgar, Hearing Officer Mullins, and the VDOC regional administrator for the western region. He contends that these defendants violated his due process rights under the Fourteenth Amendment.

II.

The court may summarily dismiss a case "brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, [or] fails to state a claim upon which relief can be granted." 42 U.S.C. § 1997e(c)(1). Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. Cooper v. Sheehan, 735 F.3d 153, 158 (4th Cir. 2013).

"[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). Supervisory officials may not be held automatically liable for the unconstitutional conduct of their subordinates. Id. Edwards fails to describe any action whatsoever that defendants Kiser, Collins, Layall, and the regional administrator took in violation of his constitutional rights. Accordingly, his claims against these defendants must be summarily dismissed.

Prisoners retain rights under the Due Process Clause, but because prison disciplinary proceedings are not part of a criminal prosecution, the full array of rights due a defendant in such

Prisoners retain rights under the Due Process Clause, but because prison disciplinary proceedings are not part of a criminal prosecution, the full array of rights due a defendant in such proceedings does not apply. Wolff v. McDonnell, 418 U.S. 539, 556 (1974) (citing Morrissey v. Brewer, 408 U.S. 471, 488 (1972)). In prison disciplinary proceedings where an inmate faces the possible loss of a constitutionally protected interest, he is entitled to limited due process protections. These include: (1) advance written notice of the charges against him; (2) a written statement of the evidence relied on and the reasons for taking any disciplinary action; (3) a hearing where he is afforded the right to call witnesses and present evidence when doing so is not inconsistent with institutional safety and correctional concerns; (4) the opportunity to have non-attorney representation when the inmate is illiterate or the disciplinary hearing involves complex issues; and (5) a neutral decision-maker. Id. at 564-71. Substantive due process is satisfied if the disciplinary hearing decision was based upon "some evidence." Superintendent Mass. Corr. Inst. v. Hill, 472 U.S. 445, 455 (1985).

Edwards alleges that defendant Edgar "falsely" charged him with an offense for covering his cell door window, apparently because another, unnamed officer was more directly involved in the incident. Absent some evidence or claim that a challenged disciplinary conviction was improperly obtained, an inmate's assertions that the initial charge was false cannot state a § 1983 due process claim. Richardson v. Ray, 492 F. App'x 395, 396 (4th Cir. 2012). Edwards does not state facts showing that Edgar lacked sufficient knowledge about Edwards' misconduct to write the DOR. Moreover, if Edwards wanted to hear the accounts of other officers present, he could have requested witness statements from them. Wolff did not recognize a constitutional due process requirement for prison officials to support a disciplinary charge with eyewitness testimony about the inmate's charged misconduct.

Edwards also complains that defendant Mullins, as hearing officer, did not have enough evidence to find Edwards guilty. The court cannot agree. The reporting officer's identification of Edwards as the inmate who covered his window on January 30, 2019, constitutes "some evidence" to support a finding that Edwards committed the offense. Hill, 472 U.S. at 455.

The remainder of Edwards' complaints about the disciplinary proceedings concern alleged violations of VDOC procedures. He does not allege that officials failed to provide him with notice of the charge well in advance of the disciplinary hearing, where he could present evidence in his defense. He does not complain of any other Wolff protections not provided to him. Even assuming that someone changed dates on forms or certified his refusal to sign them after the fact, these procedures are part of the VDOC regulatory scheme. Violations of VDOC regulations alone do not state any constitutional violation and thus, are not actionable under § 1983. Weller v. Dep't of Social Services, 901 F.2d 387, 392 (4th Cir. 1990) ("[I]t is well settled that violations of state law cannot provide the basis for a due process claim.").

For the stated reasons, the court is satisfied that Edwards' § 1983 complaint fails to state a claim upon which relief can be granted. Therefore, on that ground, the court will summarily dismiss this action without prejudice, pursuant to § 1915A(b)(1). Dismissal without prejudice leaves Edwards free to refile his claim in a new and separate lawsuit if he can correct the deficiencies described in this Opinion.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 21st day of June, 2019.

_____
Senior United States District Judge